UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AARON HOWARD, Individually and On Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br> v.<br><br>THE BEAR STEARNS COMPANIES INC., THE BEAR STEARNS COMPANIES INC. EXECUTIVE COMMITTEE, JAMES E. CAYNE, ALAN D. SCHWARTZ, WARREN J. SPECTOR, SAMUEL L. MOLINARO, JR., ALAN C. GREENBERG and JOHN DOES 1-10,<br><br>        Defendants. | Civil Action No: 08 Civ. 2804 (VM)<br><br>ELECTRONICALLY FILED |

[additional captions appear on next page]

***WEBER* PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR (1) CONSOLIDATION, (2) APPOINTMENT OF LEAD PLAINTIFFS AND LEADERSHIP STRUCTURE, AND (3) ENTRY OF [PROPOSED] PRETRIAL ORDER NO. 1**

Lester L. Levy, Esq.
Andrew Lencyk, Esq.
James Kelly-Kowlowitz
**WOLF POPPER LLP**
845 Third Avenue
New York, New York 10022
Telephone: (212) 759-4600
Facsimile: (212) 486-2093

Steve W. Berman, Esq.
Andrew M. Volk, Esq.
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Fifth Avenue, Suite 2900
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0958

Proposed Co-Lead Counsel for Plaintiffs

| | |
|---|---|
| ESTELLE WEBER, individually, on behalf of the Bear Stearns Companies Inc. Employee Stock Ownership Plan, and all others similarly situated,<br><br>      Plaintiff,<br><br> v.<br><br>THE BEAR STEARNS COMPANIES, INC., CUSTODIAL TRUST COMPANY, JAMES CAYNE, ALAN SCHWARTZ, WARREN SPECTOR, SAMUEL MOLINARO, ALAN GREENBERG, and JOHN DOES 1 - 20,<br><br>      Defendants. | Civil Action No: 08 Civ. 2870 (UA) |
| ANTHONY PISANO, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br> v.<br><br>THE BEAR STEARNS COMPANIES, INC., JAMES CAYNE, ALAN D. SCHWARTZ, WARREN J. SPECTOR, SAMUEL L. MOLINARO, JR., ALAN C. GREENBERG, and JOHN AND JANE DOES 1-20,<br><br>      Defendants. | Civil Action No: 08 Civ. 3006 (UA) |
| HANS MENOS, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br> v.<br><br>THE BEAR STEARNS COMPANIES, INC., JAMES CAYNE, ALAN D. SCHWARTZ, WARREN J. SPECTOR, SAMUEL L. MOLINARO, JR., ALAN C. GREENBERG, and JOHN AND JANE DOES 1-10,<br><br>      Defendants. | Civil Action No: 08 Civ. 3035 (UA) |

| | |
|---|---|
| IRA GERWITZ, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>  v.<br><br>THE BEAR STEARNS COMPANIES, INC., JAMES CAYNE, ALAN D. SCHWARTZ, WARREN J. SPECTOR, SAMUEL L. MOLINARO, JR., ALAN C. GREENBERG, and JOHN AND JANE DOES 1-20,<br><br>Defendants. | Civil Action No: 08 Civ. 3089 (UA) |

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................ 1

II.  ARGUMENT ..................................................................... 3

     A.   Consolidation of Cases. ............................................... 3

     B.   Orderly Procedures for Captioning and Filing Documents ................ 4

     C.   The Proposed Leadership Structure. .................................... 4

          1.   Proposed Interim Lead Plaintiffs. ................................ 4

          2.   Proposed Counsel Structure. ...................................... 5

     D.   The Leadership Structure Proposed by Plaintiff Satisfies the Requirements of Rule 23(g)(1)(A) and is in the Best Interests of the Plans' Participants and Beneficiaries. ...................................................... 6

          1.   Counsel for the Plaintiffs has Demonstrated a   Commitment to Identifying and Investigating Potential Claims in This Action. ......... 6

          2.   Counsel For Plaintiffs Have Experience In Class Actions And Other Complex Litigation, The Claims Asserted In This Case, And Have Knowledge Of The Law Applicable In This Case. ...................... 7

          3.   Counsel for Plaintiffs have the Resources Necessary to Represent the Class. ............................................. 9

III. CONCLUSION .................................................................. 10

Plaintiffs Estelle Weber, Anthony Pisano and Ira Gewirtz ("*Weber* Plaintiffs" or "Plaintiffs") submit this memorandum in support of their motion for entry of [Proposed] Pretrial Order No. 1 filed herewith:

1. consolidating the above captioned actions;

2. appointing the *Weber* Plaintiffs as Interim Co-Lead Plaintiffs on behalf of a proposed class of participants and beneficiaries of the Bear Stearns Companies Inc. Employee Stock Ownership Plan ("Bear Stearns ESOP" or "Plan"); and

3. appointing Wolf Popper LLP ("Wolf Popper") and Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as Interim Co-Lead counsel of the proposed class.

## I. INTRODUCTION

To date, five actions have been filed in the United States District Court for the Southern District of New York against The Bear Stearns Companies, Inc. ("Bear Stearns" or the "Company") and related ERISA fiduciaries on behalf of participants in, and beneficiaries of, the Plan.[1] Each complaint seeks relief under the Employee Retirement Income Security Act of 1974 ("ERISA"). The Plaintiffs allege that Defendants breached their fiduciary duties by making and maintaining investment in Bear Stearns stock when it no longer was prudent to do so.[2] Plaintiffs seek relief pursuant to sections 409 and 502(a)(2)&(3) of ERISA, 29 U.S.C. §§ 1109 & 1132(a)(2) & (3), on behalf of the Plans for losses sustained as a result of the Defendants' breaches of fiduciary duty.

To promote judicial economy, Plaintiffs seek first to consolidate all the Bear Stearns ERISA actions pursuant to Fed. R. Civ. P. 42(a). Because of the great similarity between the

---

[1] All of the actions have been referred to Judge Sweet as a potentially related case, except for *Howard v. The Bear Stearns Companies, Inc., et al*, No. 08-CV-2804 and *Menos v. The Bear Stearns Companies, Inc., et al*, No. 08-CV-3035, which was assigned or referred to Judge Marrero. The above-captioned actions are related to a class action filed and assigned to Judge Sweet on March 17, 2008, and captioned *Eastside Holdings Inc. v. The Bear Stearns Companies Inc.*, et al., Case No. 08-2793. *Eastside Holdings* alleges similar facts and the same beginning class period as the above-captioned actions, but its claims are brought under the federal securities laws on behalf of purchasers of Bear Stearns securities during the class period. In a March 26, 2008, letter to this Court, Judge Marrero and Judge Pauley, Bear Stearns requested that, because of their overlapping factual allegations and overlapping defendants, all the Bear Stearns ERISA cases and all the recent Bear Stearns securities cases be assigned to this Court (Hon. Robert W. Sweet). Plaintiffs concur with this request.

[2] All of the actions assert a class period from December 14, 2006 to the present (the "Class Period").

ERISA actions (all of which seek to proceed as class actions on behalf of the Plan and its participants and beneficiaries), all of the Bear Stearns ERISA actions should be consolidated for all purposes.

Second, Plaintiffs seek the appointment of Wolf Popper and Hagens Berman as interim co-lead counsel on behalf of the putative Class of Plan participants, and the designation of Estelle Weber, Anthony Pisano and Ira Gewirtz as interim lead plaintiffs. Each of the Plaintiffs lost part of their retirement assets as a result of the Bear Stearns ESOP's investment in Bear Stearns common stock during the Class Period, each has claims typical of the class and none have conflicts in their ability to vigorously prosecute this case. In determining the appointment of class counsel, Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv) provides that the Court must (i) consider the work counsel has done in identifying or investigating potential claims in the action, (ii) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, (iii) counsel's knowledge of the applicable law, and (iv) the resources counsel will commit to representing the class.

Wolf Popper and Hagens Berman have substantial experience handling class actions, complex litigation, and the type of claims asserted in this action. The firms have both filed detailed complaints as a result of their investigations, and since then have dedicated substantial time and resources to advancing the case. Hagens Berman and Wolf Popper have extensive experience litigating ERISA claims (and other class action claims based on fiduciary duty) and has recovered substantial sums in these matters. Wolf Popper and Hagens Berman also have a close working relationship, as the firms have worked together in the past. Accordingly, the firms of Hagens Berman and Wolf Popper respectfully submit that it would be in the best interests of the proposed class of participants and beneficiaries of the Bear Stearns ESOP to appoint Wolf Popper and Hagens Berman as Co-Lead Counsel. This leadership structure has the support of the majority of the plaintiffs who have filed ERISA complaints. Together, Hagens Berman and Wolf Popper will litigate this case in an efficient and effective manner in order to obtain the largest recovery possible for the class.

## II. ARGUMENT

Given the substantial similarity of the parties and claims in the above-captioned actions, Plaintiffs have followed the guidance of the *Manual for Complex Litigation* (4th ed.2004) ("*Manual*") and submit for the Court's approval a proposed form of Pretrial Order No. 1 which: (1) provides for the consolidation of these related actions; (2) establishes efficient procedures for the filing and docketing of papers; (3) appoints interim lead plaintiffs; (4) proposes an organization of Plaintiffs' counsel; and (5) otherwise eliminates wasteful and duplicative litigation.[3]

For the reasons below, Plaintiffs respectfully submit that [Proposed] Pretrial Order No. 1 should be entered by the Court. The Proposed Order will promote the orderly and efficient conduct of this action in a manner that is consistent with the recommendations of the *Manual*.

### A. Consolidation of Cases.

Rule 42 of the Federal Rules of Civil Procedure provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). *See also In re WorldCom Inc. ERISA Litig.*, 02-4816 (DLC) (S.D.N.Y Sept. 18, 2002), 2002 WL 31095170, pre-trial order attached hereto as Exhibit B to the Levy Decl.

The above-captioned actions assert claims under ERISA against similar defendants. The actions involve common questions of and fact. Specifically, the actions allege that fiduciaries of the Plan breached their duties to participants and beneficiaries in connection with the Plan's investments in Bear Stearns common stock. The alleged breaches arise from the fiduciaries' failure to take any actions to protect Plan participants even though Bear Stearns stock was an imprudent investment as a result of the Company's high risk business practices, including its

---

[3] *See* Declaration of Lester L. Levy in Support of *Weber* Plaintiffs' Motion for (1) Consolidation, (2) Appointment of Lead Plaintiffs and Leadership Structure, and (3) Entry of [Proposed] Pretrial Order No. 1, (hereinafter referred to as the "Levy Decl."), ¶ 6.

massive exposure to the subprime mortgage market, its failure to timely write down subprime assets to market value, and its failure to adequately disclose losses and contingent liabilities related to structured investment products such as CDOs (Collateralized Debt Obligations) and asset backed securities. These actions should therefore be consolidated pursuant to Fed. R. Civ. P. 42(a).

Proposed Class Counsel further request, for similar purposes of efficiency and effective administration, that additional class actions filed in or transferred to this district asserting claims under ERISA in connection with the above-stated allegations, be similarly consolidated herewith and subject to the Court's order.

**B.    Orderly Procedures for Captioning and Filing Documents**

In addition to providing for consolidation, the Proposed Order establishes procedures for the captioning, filing and docketing of papers in these related actions, and in any cases that may hereafter be filed in or transferred to this Court. These procedures include the establishment of a uniform caption and master docket for the filing of documents relating to the consolidated actions. Such procedures, designed to enhance efficiency, are particularly necessary and appropriate in complex class action litigation such as this. *See Manual* § 21.12. In addition, this type of order has been used in numerous other cases in which the ERISA cases have been consolidated.[4]

**C.    The Proposed Leadership Structure.**

**1.    Proposed Interim Lead Plaintiffs.**

Plaintiffs were participants in the Bear Stearns ESOP during the Class Period. Significant portions of their retirement savings in the Plan were invested in Bear Stearns stock as a result of the way the Plan was administered by the Plan's fiduciaries. These investments have

---

[4] *See e.g., In Re Royal Dutch/Shell Transport Erisa Litigation*, No. 04-1398 (D.N.J. June 30, 2004), pre-trial order attached as Exhibit C to the Levy Decl. , *In Re General Motors ERISA Litigation*, No. 05-71085 (E.D. Mich. May 13, 2005), Pretrial Order No. 1 attached as Exhibit A to the Declaration of Steve W. Berman in Support of *Weber* Plaintiffs' Motion For (1) Consolidation, (2) Appointment of Lead Plaintiffs and Leadership Structure, and (3) Entry of [Proposed] Pretrial Order No. 1. ("Berman Decl."), and *In Re Touch America Holding, Inc. ERISA Litigation*, No. CV-02-106-BU-SEH (D. Montana March 10, 2003), attached as Exhibit B to the Berman Decl.

been decimated by the failure of the Plan's fiduciaries to exercise their fiduciary duties to do what was necessary under the law to protect the Plan. The Plan has thousands of participants who suffered tremendous losses as a result of the recent Bear Stearns collapse. On an interim basis pending class certification, Plaintiffs seek to represent the interests of all of the participants of the Plan who suffered similar losses as is required in an action on behalf of the Plan under ERISA § 502(a)(2), 29 U.S.C. § 1102(a)(2).

### 2. Proposed Counsel Structure.

The Proposed Order implements the procedures suggested by the *Manual for Complex Litigation* by designating Lead Counsel for Plaintiffs. *See Manual* §§ 10.22, 40.22.[5] As stated in the *Manual*, in appointing lead counsel, the court should "conduct an independent review to ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable." *Id.* at § 10.22. Indeed, the most important factor is "achieving efficiency and economy without jeopardizing fairness to parties." *Id.* at § 10.221. When appointing interim lead counsel, it is "generally accepted that the considerations set out in Rule 23(g)…, which governs appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification." *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. at 57.

Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv) specifies that in appointing class counsel, the court must consider:
- the work counsel has done in identifying or investigating potential claims in the action,
- counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action,
- counsel's knowledge of the applicable law, and
- the resources counsel will commit to representing the class.

---

[5] As examples of the operation of these procedures, counsel herein also refers the Court to lead counsel appointment orders from other cases including: *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006); *In re Tyco Int'l, Ltd. Sec. Litig.*, MDL No. 02-1335-B (D.N.H. Dec. 18, 2002) (Levy Decl., Exhibit D).

In addition, Rule 23(g)(1)(B) invites the court to "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class."

Plaintiffs propose the following counsel structure, which, as described herein, satisfies the requirements of Fed. R. Civ. P. 23(g):

> *Co-Lead Counsel*
>
> **Wolf Popper LLP**
>
> **Hagens Berman Sobol Shapiro LLP**

Plaintiffs propose that the proposed Co-Lead Counsel be appointed as interim lead counsel pursuant to Fed. R. Civ. P. 23(g)(3), which provides for the designation of interim class counsel to act on behalf of a putative class before the determination of whether to certify the action as a class action.

**D.    The Leadership Structure Proposed by Plaintiff Satisfies the Requirements of Rule 23(g)(1)(A) and is in the Best Interests of the Plans' Participants and Beneficiaries.**

**1.    Counsel for the Plaintiffs has Demonstrated a Commitment to Identifying and Investigating Potential Claims in This Action.**

The first Fed. R. Civ. P. 23(g)(1)(C)(i) factor, which focuses on the work counsel has done to advance the litigation, strongly favors the *Weber* Counsel. Wolf Popper has dedicated substantial resources to advancing the case. The firm's attorneys and staff (including a full time private investigator, two certified public accountants, and a financial analyst) have extensively investigated Bear Stearns' alleged wrongdoing, reviewed court actions and pleadings, as well as media and other reports, and communicated with Bear Stearns' general counsel regarding the preservation of documents. In addition, as is its standard practice in ERISA cases, Wolf Popper has also requested plan documents from Bear Stearns pursuant to ERISA § 104(b), and submitted FOIA requests to the Securities and Exchange Commission ("SEC") and the Department of Labor ("DOL") regarding this case. *See* Levy Decl. ¶ 2. Hagens Berman has also conducted substantive investigations and has sought not to duplicate the work already commenced by Wolf Popper.

*Weber* Counsel have found in numerous company stock cases that the production of core ERISA documents which are not publicly available, such as board and committee minutes that identify in more detail the Plan's named and functional fiduciaries and the scope of their duties, is a crucial step for the preparation of a consolidated complaint as it ensures that proper parties are named and that the parties' resources are not expended unnecessarily pursuing claims against persons who had no role in the Plan's losses. Accordingly, the proposed order submitted herewith includes a provision requiring Defendants to produce such information, as well as a briefing schedule for preliminary proceedings. These steps will further advance the litigation, and ensure that it is conducted in an orderly and efficient manner.

2.  **Counsel For Plaintiffs Have Experience In Class Actions And Other Complex Litigation, The Claims Asserted In This Case, And Have Knowledge Of The Law Applicable In This Case.**

The second and third Fed. R. Civ. P. 23(g)(1)(A) factors, which address counsel's relevant class action experience and knowledge of applicable law, also favor the *Weber* Counsel. Plaintiffs propose that the prosecution of this case be lead by Hagens Berman and Wolf Popper. Wolf Popper and Hagens Berman are eminently qualified to lead this prosecution on behalf of participants in the Bear Stearns Plans. Wolf Popper, in business for more than 60 years, is a highly regarded and experienced complex and class action firm with a well known record of success pursuing financial, accounting, and securities fraud – matters which are highly relevant to this litigation. Wolf Popper also has substantial experience in litigating ERISA 401(k) and company stock litigation, and has successfully litigated many other class action claims based on breaches of fiduciary duty.[6] Wolf Popper was recently appointed co-lead counsel in *Gray v. Citigroup, Inc.*, Case No. 07-CV-9790 (S.D.N.Y.) (SHS) (DCF), a consolidated ERISA class action asserting similar claims to those here, such as Citigroup's massive exposure to the

---

[6] *See* Levy Decl., Exhibit E (complete resume of Wolf Popper).

subprime mortgage market, and Citigroup's failure to adequately disclose the true value of its subprime related investments and liabilities. Many of the facts from the Citigroup ERISA case, including evidence and expert analyses, such as in-depth studies of the subprime mortgage industry and structured financial products (including valuations thereof) will be applicable to this case, creating efficiencies and cost savings for the Class.

Since its founding in 1993, Hagens Berman has represented plaintiffs in cases around the nation ranging broadly from securities and ERISA actions to violations of civil and human rights. In 2007 Hagens Berman was identified as one of the nation's leading plaintiffs' law firms when it was recognized by the National Law Journal ("NLJ") and placed on NLJ's "Plaintiffs' Hot List."

Hagens Berman has substantial experience in litigating ERISA cases. The firm was co-lead counsel in *In Re Enron Corp. ERISA Litig.,* No. 01-3913 (S.D. Tex.), the groundbreaking case on behalf of participants and beneficiaries of Enron's 401k and ESOP. The litigation recovered in excess of $220 million, making it the largest settlement involving claims arising out an ERISA Plan's holdings of company stock. Currently, Hagens Berman serves as co-lead counsel on behalf of a class of 401k plan participants in *In re General Motors ERISA Litig.,* No. 05-71085 (E.D. Mich.) Now pending final approval is a proposed Settlement for $37.5 million in case and extensive injunctive relief for class members. A more complete summary of Hagens Berman's ERISA experience, and a representative sampling of its other class action experience, is set forth in ¶¶ 6-7 of the Berman Decl., and a full summary appears in the firm resume attached as Exhibit C to the Berman Decl.

Hagens Berman's efforts in this case will be headed by Steve W. Berman. Mr. Berman helped to found the firm in 1993, and is the managing partner. He has served as lead or co-lead

counsel in ERISA, securities, consumer, products liability, antitrust, employment class actions, and complex litigations throughout the country. He also served as counsel on behalf of some thirteen states in their actions against the tobacco companies that culminated in the largest settlement in U.S. history in 1997. The National Law Journal has twice named Mr. Berman as one of the 100 most influential lawyers in the nation, most recently in 2006.

Other Hagens Berman attorneys who will be involved in this litigation include Andrew M. Volk, Tyler Weaver and Genessa Stout. The backgrounds and experience of all Hagens Berman attorneys are summarized in the firm resume attached as Exhibit C to the Berman Decl.

Hagens Berman and Wolf Popper also have the support of the majority of the plaintiffs and plaintiffs' counsel in the above captioned actions which the Court may view as in important factor in selecting interim lead counsel. *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, MDL No. 05-1720, 2006 WL 2038650 at *2 (E.D.N.Y. Feb. 24, 2006) (support from "numerous non-lead counsel representing plaintiffs" is an important factor in appointing interim counsel under 23(g)).

3.  **Counsel for Plaintiffs have the Resources Necessary to Represent the Class.**

The final Fed. R. Civ. P. 23(g)(1)(A) factor, which concerns the resources counsel will commit to the case, also supports the *Weber* Counsel's proposed leadership structure. Wolf Popper and Hagens Berman are well established and successful law firms that have the resources and personnel necessary to pursue a case of this magnitude. *Weber* Counsel has successfully pursued numerous large-scale class actions from start to finish. Similarly, they have a proven tract record of managing ERISA company stock suits and have invested substantial resources in these efforts. *Weber* Counsel will apply the same principles in this case and dedicate the

resources necessary to zealously represent the interests of Bear Stearns ESOP participants in this action.

### III.    CONCLUSION

The moving *Weber* Plaintiffs each bring an action seeking recovery on behalf of the Plan, in which they are participants, and foresee no conflicts in the prosecution of this action, and are thus typical and adequate representatives of the Class. Wolf Popper has substantial and well known class action experience, including experience in ERISA company stock class actions, and, in addition, initiated and has already taken concrete steps to advance this litigation. Hagens Berman offers vast knowledge and commitment to this area of the law, and a track record of success pursuing ERISA company stock class actions. For these and the other reasons stated above, Plaintiffs respectfully request that the Court enter [Proposed] Pre-Trial Order No. 1.: (1) consolidating the above-captioned cases; (2) appointing Plaintiffs as Interim Lead Plaintiff; and (3) appointing Hagens Berman and Wolf Popper as Co-Lead Counsel to act on behalf of ERISA class plaintiffs.

Dated: March 28, 2008

Respectfully submitted:

Lester Levy (LL-9956)
Andrew Lencyk (AL-4329)
James Kelly-Kowlowitz (JK-9616)
**WOLF POPPER LLP**
845 Third Avenue
New York, New York  10022
Telephone: (212) 759-4600
Facsimile: (212) 486-2093

Steve W. Berman, Esq.
Andrew M. Volk, Esq.
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Fifth Avenue, Suite 2900
Seattle, Washington 98101
Telephone: (206) 623-7292

Facsimile: (206) 623-0958

**Proposed Co-Lead Counsel for Plaintiffs**